# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN THOMPSON, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>PANAMA-BUENA VISTA UNION<br>SCHOOL DISTRICT, *et al.*,<br><br>    Defendants. | 1:12-cv-00082 LJO GSA<br><br>**ORDER REGARDING PLAINTIFFS'**<br>**COUNSEL'S RESPONSE TO ORDER TO**<br>**SHOW CAUSE**<br><br>**ORDER DISCHARGING ORDER TO**<br>**SHOW CAUSE** |

*Relevant Procedural Background*

On January 17, 2012, Plaintiffs Carolyn Thompson, R.T., a minor by and through his next friend Carolyn Thompson, and L.S., and A.S., R.S. and D.S., minors by and through their next friend L.S., individually and on behalf of all others similarly situated, filed a complaint against Defendants Panama Buena Vista Union School District, the Board of Education as trustees, Rita Perucci, as an individual and in her official capacity, Bryan Eakin, as an individual and in his official capacity, and Does 1 through 100, asserting seven separate claims for relief, including numerous civil rights violations, as well as claims of negligent and intentional infliction of emotional distress.  (Doc. 1.)

On January 18, 2012, this Court granted Plaintiffs' applications to proceed in forma pauperis, and also issued summonses and new case documents.  (*See* Docs. 4-6.)

On May 17, 2012, this Court issued an Order to Show Cause for Plaintiffs' failure to serve the summons and complaint and to do so within 120 days in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.  Further, Plaintiffs were to show cause in writing no later than May 31, 2012, for the aforementioned failures.  (Doc. 10.)

On May 23, 2012, Plaintiffs Carolyn Thompson and L.S. filed a written response to the order to show cause.  (Doc. 12.)

On May 24, 2012, Plaintiffs' counsel, Nicole Hodge Amey, filed a response to the order to show cause.  (Doc. 13.)

**DISCUSSION**

Ms. Amey's response raises a number of issues to which the Court will respond separately.

***Service by the United States Marshal***

Ms. Amey indicated that because Plaintiffs are proceeding in forma pauperis, she "expected that the U.S. Marshall [*sic*] would effect service upon defendants," and further, that she was not aware "that such service would not be made."  (Doc. 13 at 2.)

On January 18, 2012, one day after the complaint was filed on Plaintiffs' behalf, the Clerk's Office issued new case documents, including, among other documents, *Instructions for Completing Form USM-285*, *Notice of Submission of Documents*, and *Process Receipt and Return* (commonly referred to as the USM-285) forms.  (*See* Docs. 6-4 & 6-5.)

Despite receiving the necessary forms and instructions for completing those forms more than four months ago, Ms. Amey has not completed the forms nor returned them to the Clerk's Office.  It is counsel's obligation to complete the necessary forms on behalf of her clients to ensure service by the U.S. Marshal; until the forms are provided by the party seeking to serve the summons and complaint, neither the Court nor the Clerk's Office can proceed.  *See* Local Rule

2

210(d); *see also* Local Rule 110 ("Failure of counsel . . . to comply . . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .").

### *Counsel's Health & Practice*

In her response to the order to show cause, Ms. Amey reports she has a permanent medical condition that affects her "mobility and energy," and that the condition has worsened in the past three months. Further, Ms. Amey indicates she has been "on bed rest and limited activity" for the preceding two months, and as a result, "has had to terminate clients and has ceased accepting clients that require more than simple legal tasks." (Doc. 13 at 2.) Counsel indicates she has been "unable to speak" and has "begun notifying many clients of her inability to continue representation." (Doc. 11 at 3.)

Additionally, Ms. Amey "was forced to terminate her assistant without notice," further affecting her medical condition and limiting her abilities. (Doc. 11 at 2.)

Ms. Amey indicates that her medical condition, coupled with the lack of a legal assistant, caused this matter, and in particular the time limits regarding service of process, to "f[a]ll off of Counsel's calendar." (Doc. 13 at 2.)

In short, Ms. Amey now believes that, as a result of the fragility of her health, she can no longer "represent these clients and fight against their accusations." (Doc. 13 at 2-3; *see also* Doc. 13-4.)

Ms. Amey asserts she "did not abandon her clien[s]t but . . . has been suffering medical conditions that has [*sic*] greatly limited" her abilities. (Doc. 13 at 3.)

Permission from this Court is required to withdraw as counsel of record. *See* Local Rule 182(d)[1]; *see also* Cal. Rules of Professional Conduct Rule 3-700.

---

[1] Local Rule 182(d) provides as follows:
   Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other persons who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the

*Counsel's Request for an Extension of Time*

Counsel requests that the time within which Plaintiffs may effect service of the summons and complaint be extended, however, she does not state any particular length of time. (Doc. 13 at 4.)

This Court will grant a thirty (30) day extension of time within which counsel shall complete the necessary forms to ensure proper service is effected. Counsel shall employ the forms previously provided, and shall familiarize herself with this Court's rules and procedures.

*Counsel's Request the Court Grant an Order Relieving Her As Counsel Sua Sponte*

Ms. Amey indicates that she "intends to file a Motion to be Relieved as Counsel for Plaintiffs, unless the Court can grant such Order now. Because of the Plaintiff's [*sic*] health, even a small Motion is extremely exhausting." (Doc. 13 at 3.)

The Court will not *sua sponte* relieve Ms. Amey as counsel for Plaintiffs. Counsel shall comply with this Court's Local Rules and the applicable law.

This Court notes that on May 31, 2012, counsel in fact filed a motion to withdraw and set the matter for hearing before the undersigned on June 22, 2012, at 9:30 a.m. (Doc. 16.) The Court notes however that the pleading filed does not include a proof of service indicating Plaintiffs themselves have been served with counsel's motion.

**ORDER**

In light of the foregoing, this Court orders as follows:

1. Plaintiffs' counsel SHALL complete the appropriate forms to ensure service of the summons and complaint are effected, and shall follow the directions and employ those forms previously provided by the Court (*see* Doc. 6), no later than June 29, 2012;

---

requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

2. Plaintiffs' counsel SHALL file a proof of service with this Court, no later than five (5) days from the date of this order, indicating Plaintiffs have in fact been served with notice of her now-pending motion to withdraw; and

3. Finally, the Court SETS this matter for a Status Conference to be held on July 31, at 9:30 a.m.

IT IS SO ORDERED.

**Dated:   June 1, 2012**                    /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE