# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMPSON, et al., | Case No. 1:12-cv-00082-LJO-JLT |
| Plaintiffs, | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS |
| vs. | |
| PANAMA-BUENA VISTA UNION SCHOOL DISTRICT, et al., | (Doc. 16, 23, 24). |
| Defendants. | |

Before the Court is a motion to withdraw as counsel for Plaintiffs. Plaintiffs are A.S., R.S. and D.S., minors, L.S., as the parent of A.S., R.S. and D.S., R.T., a minor, and Carolyn Thompson, individually and as the parent of R.T. Plaintiffs' Counsel, Nicole Hodge Amey ("Counsel") filed the current motion on May 31, 2012. (Doc. 16). Counsel reports that due to health reasons and difficulty of managing Plaintiffs, her ability to conduct discovery and to respond to motions has become unreasonably difficult. (Id. at 1-2). Counsel therefore seeks to withdraw from the representation of the Plaintiffs. For the following reasons, the motion to withdraw is GRANTED.

**I.   Background**

Attorney Nicole Hodge Amey ("Ms. Hodge") has represented the Plaintiffs since the filing of the initial complaint on January 17, 2012. (Doc. 1). According to Counsel, in March of

1  this year she began to experience a change in her health that required her to work fewer hours,
2  thus, making it difficult for her to conduct her job-related tasks.  (Doc. 16 at 1).  On May 30,
3  2012, Plaintiff L.S. ("Plaintiff") emailed Counsel, requested her client file and informed Counsel
4  that Counsel was "terminated."  (Doc. 24 at 2).  Counsel responded to Plaintiff and asked her to
5  clarify the email.  Plaintiff responded and cited Counsel's health issues as the reason for her
6  decision. (Id.).  Counsel's "Motion to Be Relieved as Counsel" followed.  (Doc. 16).

7  **II.     Analysis**

8  Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar
9  of California and the Local Rules of the United States District Court, Eastern District of
10 California. See LR 182. The withdrawal of representation is permitted under the Rules of
11 Professional Conduct if a client "renders it unreasonably difficult for the member to carry out
12 employment effectively." Cal. R.P.C. 3 700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

16 Id.  Likewise, California's Rules of Court require the notice of motion and declaration to be
17 served on the client and other parties who have appeared in the case. CRC 3.1362(d).

18 The decision to grant withdrawal is within the discretion of the Court.  Canandaigua Wine
19 Co., Inc. v. Moldauer, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009) ("The
20 decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial
21 court.").  Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice
22 that may be caused to other litigants, (3) harm caused to the administration of justice, and (4)
23 delay to the resolution of the case caused by withdrawal. Id. at *4.

24 Here, Counsel seeks to withdraw based upon a medical condition and difficulty managing
25 Plaintiffs.  (Doc. 16 at 2).  Counsel has served notice of the motion to withdraw upon all parties.
26 (Doc. 23).  Counsel has stated that Plaintiffs have requested all client records from her and have
27 informed her that she has been "terminated." (Doc. 24 at 2).  Counsel has also provided the last
28 known addresses for Plaintiffs, as required by LR 182. (Id.).  Given the facts set forth above and

the fact that the Court has not yet screened the complaint, it does not appear harm would be caused to the administration of justice or that delay to the resolution of the action will be caused by Counsel's withdrawal.

On the other hand, Federal Rule of Civil Procedure 17(c)(2) provides that a minor may sue through a guardian ad litem or by next friend, but a court must formally appoint the guardian ad litem to protect the unrepresented minor. See Watson v. County of Santa Clara, 468 F. Supp. 2d 1150, 1155 (N.D. Cal. 2007) (dismissing without prejudice actions brought by plaintiff minors because no guardian ad litem was formally appointed by the court).  Here, it does not appear that anyone has sought to be appointed as the guardian ad litem and no one has been appointed.

Even assuming that appointment occurs, it is settled that after a court appoints a guardian ad litem or next friend to represent the child, the guardian ad litem must retain a lawyer, because the non-lawyer guardian may not appear as an attorney for anyone other than himself. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). In Johns, the Court determined that claims brought on behalf of a child must be dismissed without prejudice if the guardian refuses to hire a lawyer.  Id. This is to preserve the child's ability to prosecute his claims himself when he achieves the age of majority.  Id. Therefore, though the Court will grant the motion to withdraw, replacement counsel must be obtained immediately.

### III.     Conclusion and Order

Counsel has followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing her motion to withdraw from representation of Plaintiffs CAROLYN THOMPSON, R.T., L.S., A.S., R.S., and D.S., and set forth sufficient reasons for the withdrawal.  Therefore, the Court is acting within its discretion to grant the motion to withdraw.  See LR 182.

Accordingly, the Court ORDERS:

1. The motion to withdraw is **GRANTED**; and
2. The Clerk's Office SHALL TERMINATE Nicole Hodge Amey as "Attorney to be Noticed" for Plaintiffs CAROLYN THOMPSON, R.T., L.S., A.S., R.S., and D.S. in the Court docket and update the docket to reflect Plaintiffs' last known contact

information as follows:

| | |
|---|---|
| Carolyn Thompson and minor R.T.<br>P.O. Box 70514<br>Bakersfield, CA 93387 | L.S. and minors A.S., R.S., and D.S.<br>P.O. Box 43298<br>Bakersfield, CA 93384 |

3. Ms. Hodge Amey **SHALL** provide the original, full client file to L.S. and to Carolyn Thompson, within 5 days of service of this order;

4. Replacement counsel, if any, for Plaintiff CAROLYN THOMPSON as to her own, personal claims, **SHALL** enter an appearance in this matter within 60 days;

5. Replacement counsel, for any Plaintiff acting on behalf of any minor children, **SHALL** enter an appearance in this matter within 60 days;

6. The Clerk IS DIRECTED to serve this order on each of the Plaintiffs at the respective addresses listed above;

7. Plaintiffs are advised that failure to comply with the Local Rules, Federal Rules, or a Court Order, may result in dismissal of their action pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **June 25, 2012**          **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE