UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMPSON, et al., | Case No. 1:12-cv-00082-LJO-JLT |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS TO DISMISS THE MATTER FOR FAILURE TO COMPLY WITH COURT ORDERS |
| vs. | |
| PANAMA-BUENA VISTA UNION SCHOOL DISTRICT, et al., | (Doc. 29). |
| Defendants. | |

On January 17, 2012, Plaintiffs Thompson, R.T., a minor by and through Thompson, A.S., a minor, by and through L.S, and D.S., a minor, by and through L.S., filed a Complaint in this matter. (Doc. 1). For the reasons set forth below, it is recommended that Plaintiff's action be dismissed.

On June 25, 2012, the Court granted Plaintiff's former Counsel, Nicole Hodge Amey's request to withdraw as attorney for Plaintiffs.[1] (Doc. 27). The Court's June 25, 2012 order required Plaintiff's replacement counsel, if any, to enter an appearance within 60 days of the order. (Doc. 25). No appearance by replacement counsel has been filed, and Plaintiff has not notified the Court of her intention to proceed without counsel.

---

[1] There are two other cases pending before this Court that are related to Plaintiffs' current action: 1:12-cv-00744-LJO-JLT and 1:12-cv-00081-LJO-JLT. A.S. is listed as a plaintiff in those cases, along with L.S. Attorney Amey has been relieved as counsel in all three cases.

1

On August 29, 2012, the Court issued an Order to Show Cause why the matter should not be dismissed for failing to comply with the Court's orders. (Doc. 29). The Court's Order to Show Cause also noted that no motion for appointment of guardian ad litem had been filed. (Doc. 29). The August 29, 2012 order required Plaintiffs to show cause within 10 days why the matter should not be dismissed for failure to file a petition for appointment of a guardian ad litem or for failure to notify the court of any intention to appear without an attorney or have replacement counsel enter an appearance.[2] (Doc. 29). The Order to Show Cause further cautioned Plaintiffs that if they did not comply with the Court's order, the Court would recommend the matter be dismissed. (Doc. 29).

I. **Legal Standards**

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.,* Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th

---

[2] The Court is aware that Plaintiff Thompson has come to the courthouse seeking legal assistance, however, this does not explain or justify her failure to comply with the Court's orders or her failure to respond to the order to show cause.

Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The court cannot hold this case in abeyance indefinitely based on Plaintiffs' failure to follow the Court's orders or failure to prosecute this case. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given Plaintiffs' failure to respond to the Court's prior orders, including its order to show cause, no lesser sanction is feasible. (Doc. 27 and 29).

## II.     Recommendation

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed for Plaintiff's' failure to follow the Court's orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 12, 2012**              /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE